IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fabiola Benacir Pereira-Pichardo,<br><br>Petitioner,<br><br>v.<br><br>Pamela Bondi, et al.,<br><br>Respondents. | No. CV-26-00982-PHX-DWL (ASB)<br><br>**ORDER** |

In their response to the OSC, Respondents acknowledge "[i]nsofar as the Petition challenges Respondents' detention of Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A), Petitioner appears to be a member of the Bond Eligible Class." (Doc. 7 at 1-2.) Respondents further provide "should this Court agree with the reasoning of the Court in *Bautista* and conclude that Petitioner is properly detained under 8 U.S.C. § 1226(a), and therefore entitled to a bond hearing, this Court would need to enter an order that Respondents provide Petitioner with a bond hearing." *Id.* The Court concludes (consistent with the OSC) that the Petition should be granted, at a minimum, for the reasons set forth in *Echevarria*. The Court will order the bond hearing be provided within seven (7) days, consistent with its Orders in other matters.

**IT IS ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.
2. Respondents must provide Petitioner a bond redetermination hearing within seven days or release Petitioner from custody under the same conditions that existed

|   |   |
|---|---|
| 1 | before detention. |
| 2 | 3. Respondents must provide a notice of compliance within three days of releasing |
| 3 | Petitioner or providing a bond hearing. |
| 4 | 4. Any pending motions are denied as moot and the Clerk of Court shall enter judgment |
| 5 | in Petitioner's favor and close this case. |
| 6 | Dated this 25th day of February, 2026. |

                                     _____
                                        Dominic W. Lanza
                                        United States District Judge